FILED
2012 AUG 24 PM 2:59
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:___

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDAR PALMS DEVELOPMENT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MARTHA COVARRUBIAS, et al.,<br><br>Defendants. | Case No. CV 12-6888 UA<br><br>(PROPOSED)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

    The Court will remand this unlawful detainer action to state court summarily because it was improperly removed.

    On August 9, 2012, Rosalva Gallardo ("Gallardo") lodged a Notice of Removal which seeks removal to this Court of what appears to be a routine post-foreclosure unlawful detainer action filed in California state court ("State Complaint" or "State Action"), and also presented an application to proceed *in forma pauperis*.[1] The Court has denied the latter application under separate

---

[1] Although the State Complaint does not expressly name Gallardo as a defendant, it does allege that the fictitiously named Doe defendants are those who claim some right to possession of the subject property. (Complaint ¶ 4). Based on the docket of the State Action which is attached to the Notice of Removal, it appears that Gallardo has asserted a claim of right to possession in the subject property and has filed a demurrer in the State Action. (Notice of Removal Exhibit A).
(continued...)

cover because the State Action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Simply stated, Plaintiff could not have brought this action in federal court in the first place, in that Gallardo does not competently allege facts supplying either diversity or federal-question jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a); see Exxon Mobil Corp v. Allapattah Svcs., Inc., 545 U.S. 546, 563 (2005). Even if complete diversity of citizenship exists, the amount in controversy alleged in the State Complaint does not exceed the diversity-jurisdiction threshold of $75,000. See 28 U.S.C. §§ 1332, 1441(b). Nor does Plaintiff's unlawful detainer action raise any federal legal question. See 28 U.S.C. §§ 1331, 1441(b).

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, Los Angeles County, Huntington Park Courthouse, 6548 Miles Ave., Huntington Park, CA 90255, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c);[2] (2) the Clerk send a certified copy of

///

///

---

[1](...continued)
Accordingly, and as it does not alter the outcome of this matter, this Court treats Gallardo as a defendant for purposes of removal jurisdiction without definitively determining that she technically qualifies as such. See 28 U.S.C. § 1446(a) (right to remove a case from state to federal court vested exclusively in "the defendant or the defendants").

[2]Although not the basis of the remand, the Court further notes that the Notice of Removal does not appear to have been timely filed. It appears from the State Action docket attached to the Notice of Removal that Gallardo received notice of the State Complaint no later than June 11, 2012, the date on which she appeared in the State Action. Gallardo lodged the Notice of Removal on August 9, 2012 – more than thirty days later. See 28 U.S.C. § 1446(b) (Notice of Removal must be filed within thirty days after receipt by the defendant of the initial pleading in state action).

1 | this Order to the state court; and (3) the Clerk serve copies of this Order on the
2 | parties.
3 |     IT IS SO ORDERED.
4 |
5 | DATED: _Aug 21, 2012_
6 |
7 |                       _Audrey B Collins_
8 |                       HONORABLE AUDREY B. COLLINS
9 |                       CHIEF UNITED STATES DISTRICT JUDGE
10 | Presented by
11 |
12 |
13 |        /s/
14 | Honorable Jacqueline Chooljian
   UNITED STATE MAGISTRATE JUDGE